LENA TAYLOR, TORY LOWE, and
JUSTICE WISCONSIN, INC.,

        Plaintiffs,

                Case No. 20-cv-545-pp

     v.

THE MILWAUKEE ELECTION COMMISSION,
NEIL ALBRECT, THERESA R. GABRIEL,
STEPHANIE D. FINDLY, CARMEN C. CABRERA,
JESS RIPP, THE WISCONSIN ELECTION COMMISSION,
MARGE BOSTELMANN, JULIE M. GLANCEY,
ANN S. JACOBS, DEAN KNUDSON,
ROBERT F. SPINDELL, JR., and MARK THOMSEN,

        Defendants.

**ORDER DENYING WITHOUT PREJUDICE THE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 1-15)**

Plaintiff Lena Taylor currently is a Wisconsin state senator representing the 4th District, which includes the 53206 zip code, a predominantly African American neighborhood. Dkt. No. 1 at 3. Plaintiff Taylor is African American herself and lives in Milwaukee; she is running for mayor in Wisconsin's April 7, 2020 primary. Id. Plaintiff Tory Lowe is running for alderman in the City of Milwaukee's 6th aldermanic district, which also includes the 53206 zip code. Id. Plaintiff Lowe also is African American and a citizen of Milwaukee. Id. Plaintiff Justice Wisconsin, Inc. "is a non-for-profit organized under the laws of the State of Wisconsin with a primary office in Milwaukee and whose primary purpose is to better the lives of residents in the inner city and elsewhere and it

has a significant interest as a civil rights organization in a free and unrestricted election;" it was founded by plaintiff Lowe. Id. at 4.

At 12:10 p.m. on Friday, April 3, 2020—one and a half business days before the scheduled start of the April 7, 2020 election—the plaintiffs filed in the district court for the Eastern District of Wisconsin a "Verified Complaint for Declaratory Relief and Injunctive Relief." Dkt. No. 1. The complaint sues the Milwaukee Election Commission and its five members (in their official capacities) and the Wisconsin Election Commission and its six members (in their official capacities). Id. at 1. The complaint alleges that the defendants violated the plaintiffs' civil rights under 42 U.S.C. §1983 (particularly, that the defendants violated their rights under the First, Fourteenth, Fifteenth, Sixteenth and Twenty-Sixth Amendments to the Constitution) and violated 28 U.S.C. §§2201 and 2202. Id. at 18-21. It also alleges that the defendants abridged the plaintiffs' voting rights in violation of 52 U.S.C. §10301. Id. at 22. The suit seeks injunctive relief in the form of a temporary restraining order and a preliminary injunction under Fed. R. Civ. P. 65. Id. at 25-26. Among the forms of injunctive relieve the plaintiffs seek is a court order that the election scheduled to take place on April 7, 2020—again, one and a half business days after they filed their motion—be postponed until September 2008, due to the impact of the COVID-19 crisis.

The plaintiffs attached a number of documents to the complaint: a memo from someone at the Wisconsin Legislative Reference Bureau, answering plaintiff Taylor's questions about early voting (Dkt. No. 1-1); a September 12,

2019 article from the Brookings Institution called "Setting the record straight on Black voter turnout" (Dkt. No. 1-2); a March 27, 2020 article from Wisconsin Public Radio's web site titled "COVID-19 Deaths Concentrated in Milwaukee's African American Community" (Dkt. No. 1-3); minutes of a March 18, 2020 meeting of the Wisconsin Elections Commission (Dkt. No. 1-4); a March 12, 2020 memo from Meagan Wolfe, the administrator of the Wisconsin Elections Commission, regarding election procedures and the COVID-19 public health emergency (Dkt. No. 1-5); a March 13, 2020 memo from Wolfe, regarding "COVID-19 Frequently Asked Questions (FAQ's) and Guidance on Procedural Changes for Care Facility Absentee Voting and Polling Place Relocation" (Dkt. No. 1-6); a March 22, 2020 article from the WTMJ-4 web site titled "Milwaukee early voting sites closed over COVID-19 exposure concerns" (Dkt. No. 1-7); a March 22, 2020 article from the Fox6Now.com web site titled "Milwaukee's 3 early voting sites shut down 'due to increased COVID-19 exposure risk'" (Dkt. No. 1-8); a printout from https://censusreporter.org/ profiles showing a profile for zip code 53206 (Dkt. No. 1-9); a document that appears to be a printout from the Milwaukee Public Library's web site, showing that fifteen public libraries are temporarily closed (this document is not dated) (Dkt. No. 1-10); a March 25, 2020 article from JSonline titled "Absentee voters in Milwaukee, Dane counties can say they're 'indefinitely confined' and skip photo ID, clerks say" (Dkt. No. 1-11); a white paper by Marc V. Levine of the University of Wisconsin-Milwaukee, posted on the UWM Digital Commons, titled "Milwaukee 53206: The Anatomy of Concentrated Disadvantage in an

Inner City Neighborhood, 2000-2017" (Dkt. No. 1-12); A December 6, 2018 article from the Appleton Post-Crescent titled "Census data: Minnesota beats Wisconsin on high-speed internet access, too" (Dkt. No. 1-13); and the executive summary of the Levine white paper, published by the University of Wisconsin-Milwaukee's Center for Economic Development (Dkt. No. 1-14).

The April 3, 2020 filing presents a procedural muddle. The *complaint* lays out the facts that the plaintiffs assert support the granting of injunctive relief, the standard for obtaining injunctive relief and the injunctive relief the plaintiffs seek. Dkt. No. 1 at 22-25. Under Fed. R. Civ. P. 4(a-c), the plaintiffs must serve the complaint and signed summonses on the defendants and they must complete that service within ninety days of the date they filed the complaint. Fed. R. Civ. P. 4(m). Once served, the defendants have twenty-one days to answer or otherwise respond. Fed. R. Civ. P. 12(a)(1). Because the plaintiffs filed the complaint one and a half business days before the election, the above process cannot be completed before the election is scheduled to begin. The plaintiffs cannot obtain the relief they seek—postponement of the April 7, 2020 election—through the complaint process.

Presumably this is the reason the plaintiffs attached to their complaint a motion for a preliminary injunction.[1] Dkt. No. 1-15. The motion consists of two paragraphs. While the title of the motion is "Plaintiffs' Motion for Preliminary Injunction," the body of the motion says that it is a motion "for a temporary restraining order and preliminary injunction." Id. at 2. The final paragraph

---

[1] This pleading should have been filed as a separate motion for relief.

asks the court to grant the motion and "issue a preliminary injunction pending a decision on the merits of Plaintiffs' claims in this matter." Id.

The *motion* does not contain any of the facts supporting the plaintiffs' request for relief. It does not describe the legal standard for obtaining injunctive relief. It does not describe the injunctive relief requested. While the motion asserts that there are legal questions at issue, the plaintiffs did not file a brief in support of the motion; they provided no legal analysis or authority in support of the motion. Nor did the plaintiffs file a separate motion for a temporary restraining order or lay out in the motion the legal standard for obtaining such an order.

Fed. R. Civ. P. 65(a)(1) states that the court "may issue a preliminary injunction only on notice to the adverse party." The court has reviewed the thirty-two documents the plaintiffs filed on April 3, 2020. There is no certificate of service or affidavit of service—nothing to show that the plaintiffs gave notice of the motion to the defendants. Even if there is a legal basis for doing so, the court cannot issue a preliminary injunction until it knows the defendants have notice. It appears that defendants The Wisconsin Election Commission and its members received notice of the request for injunctive relief, because between 5:12 and 5:17 p.m. on Friday, April 3, 2020, attorneys from the firm of Lawton & Cates filed notices of appearance for those defendants. But no one has filed an appearance on behalf of the Milwaukee Election Commission or its members and, as noted, there is no evidence in the record that the plaintiffs provided them with notice.

Although the plaintiffs have not filed a motion captioned "Motion for Temporary Restraining Order," they mention a temporary restraining order at points in their filings. Rule 65(b)(1)(B) prohibits the court from issuing a temporary restraining order without written or oral notice to the adverse party or its attorney unless the verified complaint shows immediate and irreparable injury *and* "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." The plaintiffs have not filed a written certification of the efforts their counsel have made to give notice to the Milwaukee Election Commission and its members, nor have they explained why the court should not require notice.

Given this procedural posture, it is premature for the court to schedule a hearing on the plaintiffs' motion for a preliminary injunction. The court will deny the motion without prejudice; if the plaintiffs provide the court with proof that they have given notice to the defendants (particularly the Milwaukee Election Commission and its members) by **10:30 a.m. on Monday, April 6, 2020**, the court will give the defendants an opportunity to respond to the motion as filed.

While that resolves the immediate issue before the court, the court notes others. The complaint asked that if the court was not inclined to extend injunctive and declaratory relief, the plaintiffs sought leave "to file an Amended Complaint and the case to move forward for the reasons stated above." Dkt. No. 1 at 26. The plaintiffs do not need to seek leave of court to amend the

complaint, if they do so within twenty-one days after serving it or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a).

The plaintiffs' suit is the fifth to be filed in Wisconsin federal courts in just over two weeks. On March 18, 2020 (just under three weeks before the scheduled April 7, 2020 election), the Democratic National Committee and the Democratic Party of Wisconsin sued the individual members of the Wisconsin Elections Commission (and the Republican National Committee and the Republican Party of Wisconsin intervened). Democratic National Committee, *et al.* v. Bostelmann, *et al.*, Case No. 20-cv-249-wmc (W.D. Wis.). They simultaneously filed a motion for a temporary restraining order and a preliminary injunction (with a supporting brief and evidence), asking the court to extend the deadline for electronic and mail-in voter registration to April 3, enjoin the requirement that new voters provide proof of residence, enjoin the requirement that absentee voters include a copy of voter identification with their ballot and enjoining the defendant from rejecting ballots that are postmarked on or before election day. Id. at Dkt. No. 2.

On March 24, 2020 (two weeks prior to the scheduled April 7, 2020 election), the City of Green Bay and its City Clerk sued the Wisconsin Elections Commission and its members, the Secretary-Designee of the Wisconsin Department of Health Services and the Governor of Wisconsin in the Eastern District of Wisconsin, asking the court to enjoin the defendants from requiring the city to allow in-person voter registration and absentee voting, to order the Wisconsin Election Commission to allow the city to mail ballots to all registered

voters, to cancel the April 7, 2020 election, to extend the deadline for electronic or mail registration to May 1, 2020 and to set a June 2, 2020 deadline for counting all returned ballots. City of Green Bay v. Bostelmann, *et al.*, Case No. 20-cv-479.[2] Judge William C. Griesbach held a hearing two days later (March 26, 2020) and requested simultaneous briefs due at 3:00 p.m. March 27. Id. at Dkt. No. 40. Later in the day on March 27, 2020, Judge Griesbach dismissed the case for lack of jurisdiction, finding that the plaintiffs did not have standing to bring the suit in federal court. Id. at Dkt. No. 53.

On March 26, 2020 (just under two weeks before the scheduled election), four women ranging in age from sixty-four to eighty-three, all of whom were self-quarantining due to health issues that they alleged put them at higher risk for several illness if they contracted the COVID-19 virus, along with the Wisconsin Alliance for Retired Americans and the League of Women Voters of Wisconsin, filed suit in the Western District of Wisconsin. Gear, *et al.* v. Knudson, *et al.*, Case No. 20-cv-278-wmc. They sued the individual members of the Wisconsin Election Commission and its administrator. Id. Two days later, they filed a motion for a temporary restraining order and preliminary injunction, a supporting brief and declarations and evidence. Id. at Dkt. Nos. 8-17. These plaintiffs asked the court to enjoin the defendants from rejecting or refusing to process or count absentee mail-in ballots that lacked a witness signature. Id. at Dkt. No. 2, page 23.

---

[2] The plaintiffs in that case properly filed a separate motion for preliminary injunction and motion for temporary restraining order, supported by a brief and attached evidence. Bostelmann, Case No. 20-cv-479, Dkt. Nos. 2-3.

Also on March 26, 2020, a registered voter who had been diagnosed with COVID-19; the Souls to the Polls alliance of pastors; Voces de la Frontera; Black Leaders Organizing for Communities; the American Federation of Teachers, Local 212, AFL-CIO; SEIU Wisconsin State Council (a conglomerate of unions representing workers in home healthcare services, hospitals and long-term care facilities, stadiums and the catered food industry); and the League of Women Voters of Wisconsin filed suit in the Western District. Reverend Greg Lewis, *et al.* v. Knudoson, *et al.*, Case No. 20-cv-284-wmc. They sued the six individual members of the Wisconsin Elections Commission and its administrator. Id. at Dkt. No. 1, page 1. These plaintiffs asked the court to enjoin the proof of residence requirement and the photo ID requirement and the witness requirement for absentee ballots. Id. at page 66. They also asked the court to order the Wisconsin Election Commission to provide enough ballots and envelopes so that every registered voter who timely requested an absentee ballot by mail would get one in advance of the rescheduled election. Id. They asked the court to enjoin the defendants from rejecting ballots postmarked on or before election day that arrive at the clerk's office by June 2, 2020. Id. They asked for an injunction preventing the defendants from enforcing the requirement that municipalities allow in-person voter or absentee registration. Id. at pages 66-67. They asked the court to postpone the April 7, 2020 election and reschedule it after the public health crisis has subsided, and to extend the deadline for electronic or mail voter registration to May 1, 2020.

Id. at page 67. And they asked the court to order a June 2, 2020 deadline for clerks to count all returned mailed absentee ballots. Id.

On March 28, 2020, Judge William C. Conley consolidated the three Western District cases, and after extensive briefing (including the filing of *amicus* briefs), he conducted a hearing on April 1, 2020. See, *e.g.*, Lewis, *et al.* v. Knudson, *et al.*, Case No. 20-cv-284 at Dkt. Nos. 26, 87. On Thursday, April 2, 2020—the day before the plaintiffs filed the instant complaint—Judge Conley issued an extensive, detailed order granting in part and denying in part the relief the various plaintiffs had requested. Id. at Dkt. No. 113; Democratic Nat'l Committee v. Bostelmann, Nos. 20-cv-249; 20-cv-278; 20-cv-284, 2020 WL 1638374 (W.D. Wis. April 2, 2020). Judge Conley denied the plaintiffs' request to order the April 7, 2020 election postponed. Id. at *15. At the conclusion of his analysis of that request, Judge Conley stated:

> Without doubt, the April 7 election day will create unprecedented burdens not just for aspiring voters, but also for poll workers, clerks, and indeed the state. As much as the court would prefer that the Wisconsin Legislature and Governor consider the public health ahead of any political considerations, that does not appear to be in the cards. Nor is it appropriate for a federal district court to act as the state's chief health official by taking that step for them.

Id.[3]

---

[3] The same day the plaintiffs filed this suit, Wisconsin's governor called a special legislative session for 4:00 p.m. Saturday, April 4, 2020 to consider extending the election date and converting the election to a mail-in election. https://www.jsonline.com/story/news/politics/elections/2020/04/03/tony-evers-calls-lawmakers-into-session-stop-person-voting/2940156001/. Some lawmakers met on April 4—according to the Milwaukee Journal Sentinel, the assembly met for seventeen seconds, the senate less—and both houses recessed until Monday, April 6, 2020.

Judge Conley granted the request for an extension of the deadline for receipt of absentee ballots, extending that deadline to 4:00 p.m. on April 13, 2020. Id. at *17. He also granted the request to extend the deadline for receipt of absentee ballot requests to April 3, 2020 at 5:00 p.m. Id. at *18. He granted the plaintiffs' request to require the defendants to accept an unwitnessed ballot, ordering that the defendants must accept an unwitnessed absentee ballot if it contains a written affirmation or other statement by an absentee voter that due to the COVID-10 pandemic, he or she was unable to safely obtain a witness certification despite his or her reasonable efforts to do so, provided that the ballot is otherwise valid. Id. at *20. Judge Conley denied the plaintiffs' request to enjoin the photo ID requirement. Id. at 21. He also denied the plaintiffs' request to extend the deadline for mail-in registration and to grant relief from proof of residency, for the simple reason that as hard as he had tried to expedite the case, he had conducted the hearing April 1 and issued his decision April 2—by that time, there was only a day left until the plaintiffs' requested extension deadline. Id.

The Wisconsin Legislature (whom Judge Conley had not allowed to intervene in the consolidated suits) and the Republican National Committee and Republican Party of Wisconsin asked the Seventh Circuit Court of Appeals to stay Judge Conley's ruling. Democratic Nat'l Committee, *et al.* v. Bostelmann, *et al.*, Appeal Nos. 20-1538, 20-1539 20-1545 and 20-1546 (7th

---

https://www.jsonline.com/story/news/2020/04/04/wisconsin-legislature-adjourns-special-session-monday-voting-track-tuesday-election/2948444001/.

Cir.). A few minutes before 7:00 p.m. on Friday, April 3, 2020, the Seventh

Circuit denied the motions for stay as to Judge Conley's order extending the

deadline for receipt of absentee ballots to 4:00 p.m. on April 13, 2020 and

extending the deadline for requesting absentee ballots to 5:00 p.m. on April 3,

2020. Id. at Dkt. No. 30, page 3. The court granted the motion to stay the part

of Judge Conley's order providing an alternative to witness statements for those

unable to obtain them. Id. The court also found that the Wisconsin Legislature

had standing, and that Judge Conley erred in refusing to allow it to intervene.

Id. at page 4. No party asked the court to stay Judge Conley's ruling denying

the request that he delay the April 7, 2020 election.

On Saturday, April 4, 2020, the Republican National Committee, the

Republican Party of Wisconsin and the Wisconsin Legislature filed an

emergency application for a stay with United States Supreme Court Justice

Brett M. Kavanaugh. Republican Nat'l Committee, _et al._ v. Democratic Nat'l

Committee, _et al._, Case No. 19A1016 (April 4, 2020) (available at

https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/ht

ml/public/19a1016.html). The response to that application is due at 2:00 p.m.

EST on Sunday, April 5, 2020.

It is premature for the court to opine on the substance of the claims in

the instant complaint. The court relates the preceding history only to note that

several courts have considered claims similar to, if not identical to, the claims

the plaintiffs raise here, with more time to do so and more input from more

affected constituencies. The court has reviewed the decisions of those courts

and assumes that the parties will take those decisions into consideration when crafting further pleadings.

The court **ORDERS** that the clerk's office must docket the Plaintiff's Motion for Preliminary Injunction currently docketed at Dkt. No. 1-15 as a separate docket entry.

The court **DENIES WITHOUT PREJUDICDE** the plaintiffs' motion for preliminary injunction. Dkt. No. 1-15.

The court **ORDERS** that if the plaintiffs wish to proceed with their motion for a preliminary injunction, they must seek leave to renew the motion, accompanied by proof that they have provided notice to all defendants, no later than **10:30 a.m. on Monday, April 6, 2020**.

Dated in Milwaukee, Wisconsin this 5th day of April, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**