UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Lena Taylor, Tory Lowe, Justice Wisconsin, Inc.<br><br>      Plaintiffs,<br><br>  v.<br><br>Stephanie D. Findly, Carmen C. Cabrera, and Jess Ripp, in their official capacities as Milwaukee Elections Commissioners, Neil Albrecht, in his official capacity as executive director of the Milwaukee Election Commission, Theresa R. Gabriel, in her official capacity as Deputy Director of the Milwaukee Election Commission, and Marge Bostelmann, Julie M. Glancey, Ann S. Jacobs, Dean Knudson, Robert F. Spindell, Jr., and Mark L. Thomsen, in their official capacities as Wisconsin Elections Commissioners,<br><br>      Defendants. | Case No. 2:20-cv-00545-PP |

## THE WISCONSIN LEGISLATURE'S PROPOSED MOTION TO DISMISS AND OPPOSITION TO PLAINTIFFS' PRELIMINARY INJUNCTION MOTION

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Proposed-Intervenor Defendant the Wisconsin Legislature ("Legislature") submits this Proposed Motion to Dismiss Plaintiffs' Complaint and opposes Plaintiffs' Motion For Preliminary Injunction. The request for relief fails on the merits and equities, can be shown through briefing. Thus, the Legislature also requests a briefing schedule and an opportunity to be heard if this Court intends to proceed in this matter.

1

HB: 4824-5744-7865.1

Case 2:20-cv-00545-PP    Filed 04/06/20    Page 1 of 8    Document 20

## I. The Court Should Dismiss Plaintiffs' Complaint

*First*, Plaintiffs' complaint should be dismissed because no plaintiff has satisfied Article III standing requirements. "[T]he requirements of Article III case-or-controversy standing are threefold: (1) an injury in-fact; (2) fairly traceable to the defendant's action; and (3) capable of being redressed by a favorable decision from the court." *Parvatti Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2020) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992))."[P]urely speculative, nonconcrete injuries" are not injuries in-fact. *Lujan,* 504 U.S. at 556. Plaintiffs have not alleged an injury in-fact. The individual plaintiffs assert only that they "will suffer disenfranchisement of their base support," (Doc.1 at 24). Further, Plaintiffs offer nothing to show that Defendants' conduct has caused the potential harm, or that the relief they seek would remedy their alleged injuries. Finally, *organizational* Plaintiff, Wisconsin Justice, Inc. makes no showing and does not even allege, that it will be injured by the enforcement of the challenged laws.

*Second*, Plaintiffs' effort to assert the claims of non-party voters fails under the third-party standing doctrine. As the Supreme Court articulated in *Kowalski v. Tesmer*, 543 U.S. 125 (2004), a plaintiff can challenge a state action on the ground that it infringes the rights of third parties only after making two showings. First, the plaintiff must have a "'close' relationship with the person who possesses the right." *Kowalski*, 543 U.S. at 130. A plaintiff has a "close" relationship when the relationship is "one of special consequence," like a current attorney-client relationship. *See Caplin*

*& Drysdale v. United States*, 491 U.S. 617, 623 n.3 (1989). Second, there must be "a 'hindrance' to the possessor's ability to protect his own interests." *Kowalski*, 543 U.S. at 130. No hindrance exists when a third party can seek redress in state court or through collateral review. *Id.* at 131–32.

*Third,* the Court should dismiss the Plaintiffs' Complaint because it fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In order to avoid dismissal, an amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss for failure to state a claim, this Court accepts all well-pleaded facts as true and considers whether those facts assert a valid legal claim for relief. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). In the present case, both of Plaintiffs' counts fail as a matter of law.

In Count One, Plaintiffs seek to enjoin Wisconsin's election laws on grounds that they violate Plaintiffs' First Amendment rights and Equal Protection. (Doc 1 at 18). For these claims, the challenger bears a heavy burden. *See Burdick v. Takushi*, 504 U.S. 428 (1992*); Anderson v. Celebrezze,* 460 U.S. 780 (1983). Plaintiffs have not even attempted to offer competent evidence that would satisfy their heavy burden here, whether as to likelihood of success, irreparable harm, or the public interest. The few relevant facts that are presented to evidence the need to move the election in this case and suspend multiple other election laws, i.e., the existence of COVID-19, and the alleged disparate impact on African American voters were all considered

3

in *Democratic National Committee, et al. v. Bostelmann, et al.*, where similar requested relief was denied. *Democratic National Committee et al., v. Bostelmann, et al.* 7th Circuit, Appeal No. 20-1539 (Apr. 3, 2020). Plaintiffs' complete lack of competent, relevant evidence dooms their requests for extraordinary relief against these laws, during an ongoing election.

In Count Two, Plaintiffs' claim that Defendant's actions are a violation of Section 2 of the Voting Rights Act. (Doc 1 at 21). To prove a § 2 claim under 52 U.S.C. § 10301, a plaintiff must demonstrate that the "political processes leading to… election in the State or political subdivision are not equally open to participation" by a protected racial group "in that its members have *less opportunity* than other members of the electorate to participate in the political process and to elect representatives of their choice." *Id.* S 10301(b) (emphasis added). Section 2 is an "equal-treatment requirement," not "an equal-outcome command." *Frank I*, 768 F.3d at 754. Plaintiffs only offer generalized articles relating to minority turnout generally, (Doc. 1 Ex. 2), statistics on the prevalence of COVID-19 within Milwaukee's African American Community (Doc. 1 Ex. 3), evidence that in-person absentee locations in the City of Milwaukee were closed (Doc. 1 Ex. 6), and census data for specific communities within the City of Milwaukee (Doc. 1 Ex. 7), and academic publications relating to disadvantage in inner city neighborhoods (Doc. 1 Exs. 10 and 12). Plaintiffs' complaint and related exhibits fail to establish, even at some basic level, that equal *opportunity* to vote is denied by State action.

*Finally*, Plaintiffs in this case had ample opportunity to intervene in the

4

election law cases filed in this Court and the Federal District Court for the Western District of Wisconsin well over two weeks ago. In fact, Plaintiffs in this case filed a complaint, *after* both Courts denied of a number of similar, but less extraordinary requests for relief.[1] Plaintiffs had the opportunity to intervene in either or all cases to assert their rights and failed to do so and therefore, under principles of equity to Defendants, the Court should dismiss Plaintiffs' Complaint.

## II. The Court Should Dismiss Plaintiffs' Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis added).

The court conducts a two-phase inquiry to determine whether a temporary restraining order or a preliminary injunction is warranted, with the plaintiff bearing a heavy burden in both phases. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of Am., Inc.*, 549 F. 3d 1079, 1085-86 (7th Cir. 2008); *Planned Parenthood of Wis., Inc. v. Van Hollen*, 963 F. Supp. 2d 858, 865 (W.D. Wis. 2013) (explaining that "the same showing is required" to obtain a temporary restraining order or a preliminary injunction). At the threshold phase, the plaintiff bears the

---

[1] *See Democratic National Committee, et al. v. Bostelmann, et al.* Nos. 20-1538, 20-1539, 20-1545 & 20-1546 (7th Cir.) – Judgment entered April 3, 2020; *Democratic National Committee, et al. v. Bostelmann, et al.*, No. 3:20-cv-249 (W.D. Wis.) – Judgment entered April 2, 2020; *Gear, et al. v. Dean Knudson, et al.*, No. 3:20-cv-278 (W.D. Wis.) -- Judgment entered April 2, 2020; and *Lewis, et al. v. Knudson, et al.*, No. 3:20-cv-284 (WMC) (W.D. Wis.) – Judgment entered April 2, 2020 (extending the deadline for acceptance of absentee ballots only until April 13th, and denying motion to move the election date and denying motion to suspend the photo ID requirement of Wis. Stat. § 6.87); *see also City of Green Bay et al. v. Bostelmann, et al.,* No. 20-C-479, 2020 WL 1492975, at *2 (E.D. Wis. Mar. 27, 2020).

5

burden of showing that: "(1) without such relief, it will suffer irreparable harm before final resolution of its claims; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of success on the merits." *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018) (citations omitted). If the plaintiff satisfies each of the threshold requirements, the court conducts the second phase of its inquiry, where the court "weigh[s] the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one." *Courthouse News Serv.*, 908 F.3d at 1068. The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." *Id.* Finally, the court considers "whether the preliminary injunction is in the public interest, which entails taking into account any effects on non-parties." *Id.* In this phase, too, the plaintiff "bear[s] the burden of showing that a preliminary injunction is warranted." *Id.*

A court should exercise caution when relief sought interferes with state voting procedures in this case and should weigh "in addition to the harms attendant upon issuance or nonissuance of an injunction, considerations specifics to election cases and its own institutional procedures." *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006). Courts should not change election rules in the middle of an ongoing election, as such changes "can themselves result in voter confusion and consequent incentive to remain away from the polls." *Purcell*, 549 U.S. at 5 "[A]s an election draws closer, that risk will increase." *Id.* Wisconsin's Spring Election is **tomorrow**.

6

Plaintiffs challenge the constitutionality of a number of Wisconsin's fundamental election administration laws. Each of these laws directly further Wisconsin's "indisputably [ ] compelling interest in preserving the integrity of its election process," *Eu v. San Francisco Cty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989), including the "orderly administration" of its elections, *Crawford*, 553 U.S. at 196 (controlling plurality of Stevens, J.)—and several have already withstood constitutional challenge, *See Crawford*, 553 U.S. 181; *accord Frank I*, 768 F.3d at 751. The Legislature can show through briefing that each of the challenged election-law provisions and how Plaintiffs failed to substantiate their constitutional claims with actual competent evidence.

For the foregoing reasons the Legislature respectfully requests that this Court dismiss this case and/or deny Plaintiffs' motion for preliminary injunction.

Dated this 6th day of April, 2020.

                Respectfully submitted,

                s/ Eric M. McLeod

                Eric M. McLeod
                HUSCH BLACKWELL LLP
                P.O. Box 1379
                33 East Main Street, Suite 300
                Madison, WI 53701-1379
                (608) 255-4440
                (608) 258-7138 (fax)
                eric.mcleod@huschblackwell.com

                s/ Lisa M. Lawless
                Lisa M. Lawless
                HUSCH BLACKWELL LLP
                555 East Wells Street, Suite 1900
                Milwaukee, WI 53202-3819
                (414) 273-2100
                (414) 223-5000 (fax)
                lisa.lawless@huschblackwell.com

                *Attorneys for the Wisconsin Legislature*